**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCINE M. ARTHUR, | No. 22-16039 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00435-DJH |
| v. | |
| WINDSOR SHADOWS HOMEOWNER'S ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 15, 2024**

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Francine M. Arthur, proceeding pro se, appeals the district court's summary

judgment and dismissal with prejudice of her claims against Windsor Shadows

Homeowner's Association ("Windsor Shadows") in her action alleging that

Windsor Shadows discriminated against her based on race and disability in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of the Fair Housing Act ("FHA") and Arizona law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kroessler v. CVS Health Corp.* 977 F.3d 803, 807 (9th Cir. 2020) (failure to state a claim); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002) (summary judgment). We affirm.

The district court properly granted summary judgment on Arthur's FHA and Arizona Fair Housing Act claims because she failed to provide admissible evidence of disparate treatment, or of an adverse action that more likely than not was motivated by discrimination. *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008) (explaining how a plaintiff may make a prima facie showing under the FHA); *Canady v. Prescott Canyon Ests. Homeowners Ass'n*, 60 P.3d 231, 233 n.3 (Ariz. Ct. App. 2002) (noting that the AFHA is "virtually identical" to the FHA).

The district court properly granted summary judgment on Arthur's claim for breach of the covenant of quiet enjoyment because she failed to provide evidence that Windsor Shadows is a landlord or that she is a tenant. *See VEREIT Real Estate, LP v. Fitness Int'l, LLC*, 529 P.3d 83, 92 (Ariz. Ct. App. 2023) (explaining that this claim "require[s] acts by Landlords . . . that prevent the [tenant's] quiet enjoyment of the land").

The district court properly granted summary judgment on Arthur's claims for breach of fiduciary duty and fraud because she failed to provide any evidence

2

in support of her claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (a party may prevail at summary judgment by showing that there is an absence of evidence supporting the nonmoving party's case).

The district court properly dismissed with prejudice Arthur's harassment claims because she failed to identify a statute providing a private cause of action. *See Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994) ("The general rule is that 'no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group.'" (citation omitted)); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (explaining that the district court may dismiss claims without notice when a "claimant cannot possibly win relief").

The district court did not abuse its discretion in declining to consider inadmissible hearsay in opposition to summary judgment. *See* Fed. R. Evid. 802; *Orr*, 285 F.3d at 773 (setting forth standard of review and explaining that courts may not consider inadmissible evidence at summary judgment).

We decline to consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**